Vafa Sarmasti, Esq.
**SARMASTI PLLC**
Fairfield Commons
271 U.S. Highway 46 West
Suite A205
Fairfield, New Jersey 07004
T: (973) 882-6666
F: (973) 882-8830
E: vafa@sarmastipllc.com
*Attorneys for Plaintiff BrainBuilders, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRAINBUILDERS, LLC,<br><br>      Plaintiff,<br><br>   vs.<br><br>OPTUM, INC., and JOHN DOES 1 – 20, JANE DOES 1 – 20, XYZ CORPORATIONS 1 – 20, and ABC PARTNERSHIPS 1 – 20,<br><br>      Defendants. | No. 2:18-cv-00638 (JMV) (JBC)<br><br>**BRAINBUILDERS, LLC'S MEMORANDUM OF LAW**<br><br>**IN SUPPORT OF ITS MOTION TO AMEND ITS COMPLAINT AND TO REMAND THIS MATTER TO SUPERIOR COURT OF NEW JERSEY, BERGEN COUNTY**<br><br>**Motion Date: August 6, 2018** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. ...................................................................................... ii

PRELIMINARY STATEMENT AND PROCEDURAL HISTORY ................... 1

DISCUSSION .............................................................................................................. 3

  1. THE PURPOSE OF BRAINBUILDERS' AMENDMENT IS NOT TO DEFEAT DIVERSITY JURISDICTION ....................................................... 6

  2. BRAINBUILDERS HAS NOT BEEN DILATORY IN SEEKING THIS AMENDMENT ........................................................................................ 8

  3. BRAINBUILDERS WILL BE PREJUDICED IF THE MOTION IS NOT GRANTED ................................................................................................... 9

  4. OTHER EQUITABLE FACTORS WEIGH IN FAVOR OF GRANTING BRAINBUILDERS' MOTION AND REMANDING THIS MATTER TO STATE COURT ……………………………………………………….10

CONCLUSION ......................................................................................... 11

EXHIBIT 1……………………………………………………………….12

## **TABLE OF AUTHORITIES**

**Cases**

Adams v. Gould, Inc., 739 F.2d 858
 (3d Cir., 1984).................................................................................................... 8

Boyer v. Snap-On Tools Corp., 913 F.2d 108
 (3d Cir., 1990).................................................................................................... 6

Brown v. Jevic, 575 F.3d 322
 (3d Cir., 2009).................................................................................................... 5

In re Caterpillar, Inc.,
 67 F. Supp. 3d 663 (D.N.J. 2014). ..................................................................... 4

Chaborek v. Allstate Fin. Servs., LLC,
 254 F. Supp. 3d 748 (E.D. Pa. 2017). ............................................................. 5-6

Chambers v. Gesell, 120 F.R.D. 1
 (D.D.C. Jan. 21, 1988). .................................................................................... 10

City Line-Hamilton Builders LLC v. Cincinnati Ins. Co.,
 2013 U.S. Dist. LEXIS 46012, 2013 WL 1286187. ......................................... 5

City of Perth Amboy v. Safeco Ins. Co. of Am.,
 539 F. Supp. 2d 742 (D.N.J. Dec. 26, 2007)................................................. 8, 10

City of Perth Amboy v. Safeco Ins. Co. of Am.,
 539 F. Supp. 2d 742 (D.N.J. March 11, 2008) …………………………....4, 5, 6, 8

Confessore v. Agco Corp.,
  2015 U.S. Dist. LEXIS 93851, 2015 WL 4430472 (D.N.J. JULY 20, 2015). ........ 8

Conover v. UPS,
  2006 U.S. Dist. LEXIS 88438, 2006 WL 3534157 (D.N.J. Dec. 7, 2006)............ 5

Cornell & Co. Inc. Occupational Safety & Health Review Comm'n.,
  573 F.2d 820 (3d Cir. 1978). ........................................................................... 3, 4

Fox Paper Ltd. Hanover Ins. Co.,
  2016 U.S. Dist. LEXIS 28730 (D.N.J. March 4, 2016).................................. 4, 11

Gilberg v. Stepan Co.,
  24 F. Supp. 2d 355 (D.N.J. Sept. 9, 1998)..............................................................5

Hass v. Burlington County,
  955 F. Supp. 2d 334 (D.N.J. June 30, 2013)…..……………………………….3

Hayden v. Westfield Ins. Co.,
  586 Fed. Appx. 835 (3d Cir. 2014)...................................................................... 5

Hensgens v. Deere & Co.,
  833 F.2d 1179 (5th Cir. 1987)........................................................................ 4, 5, 6

Kahhan v. Mass. Cas. Ins. Co.,
  2001 U.S. Dist. LEXIS 18561, 2001 WL 1454063 (E.D. Pa Nov. 14, 2001). . 8, 10

Laferta v. Kone Elevator,
  2010 U.S. Dist. LEXIS 44421, 2010 WL 1838347 (D.N.J. May 6, 2010)............. 6

Long v. Wilson,
  393 F.3d 390 (3d Cir. 2004)................................................................................ 3

Lorenz v. CSX Corp.,
  1 F.3d 1406 (3d Cir. 1993)................................................................................. 4

Lundy v. Adamar of New Jersey,
  34 F.3d 1173 (3d Cir. 1994)................................................................................ 3

Mersmann v. Cont'l. Airlines,
  335 F. Supp. 2d 544 (Aug. 17, 2004)................................................................. 7

Penn v. Wal-Mart Stores, Inc.,
  116 F. Supp. 2d 557 (D.N.J. 2000) ……………………………………………6

Stavtski v. Safeguard Props. Mgmt. LLC,
  2018 U.S. Dist. LEXIS 9366, 2018 WL 501646 (D.N.J. Jan. 22, 2018)....... 4, 5, 9

Wild v. Carriage Servs.,
  2017 U.S. Dist. LEXIS 148457, 2017 WL 4030576 (D.N.J. Sept. 13, 2017)……9

Winograd v. Mercedes-Benz USA, LLC,
  2017 U.S. Dist. LEXIS 105195, 2017 WL 2926040 (D.N.J. June 14, 2017) ……6

Winograd v. Mercedes-Benz USA, LLC,

2017 U.S. Dist. LEXIS 105864, 2017 WL 2953640 (D.N.J. July 10, 2017)…….6

**Statutes**

28 U.S.C. §1332 …………………………………………………………………..3

28 U.S.C. §1447(c) ……………………………………………………………….1

28 U.S.C. §1447 (e)……………………………………………………………1, 4

N.J.S.A. §2A:14-3 …………………………………………………………………..8

**Rules**

Federal Rule of Civil Procedure 12(b)(6). ........................................................... 3, 10

Federal Rule of Civil Procedure 15(a). ............................................................... 1, 3

Federal Rule of Civil Procedure 16……………………………………………..3

Federal Rule of Civil Procedure 26(f)....………………………………………..3

Federal Rule of Civil Procedure 41(a)(1)(A)(i)…………………………………..10

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

BrainBuilders, LLC ("BrainBuilders") respectfully submits this Brief in support of its motion to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and if the motion is granted, to remand this matter to the Superior Court of New Jersey, Bergen County, pursuant to 28 U.S.C. §1447(c) & (e).

By way of brief background, BrainBuilders is a healthcare provider that renders healthcare services to children with autism spectrum related disorders, and to the parents of those children. BrainBuilders is a non-participating healthcare provider. Defendant Optum is a company that provides business consulting or advisory services to healthcare plans, administrators of healthcare plans, and healthcare provider organizations and employers. Optum's services include but are not limited to healthcare analytics, population health management, revenue cycle management, risk and quality enablement, and compliance solutions, along with financial management and solutions. Optum is not the insurer or administrator of any of the plans that cover or insure the patients to which BrainBuilders had been providing services.

In its currently filed complaint, BrainBuilders alleges that in 2017, Optum began engaging in a pattern of acts that were aimed at severing and interfering with BrainBuilders' relationship with its patients, and to financially harm BrainBuilders. BrainBuilders' complaint raises five causes of action: Count I, tortious interference with current business relations; Count II, tortious interference with prospective economic advantage; Count III, negligence; Count IV, trade libel/false light; and Count V, defamation, slander and libel.  With its proposed amended complaint, BrainBuilders seeks to join additional parties that are affiliated with Optum through direct and indirect ownership. As set forth in greater detail in BrainBuilders' proposed amended complaint, the parties BrainBuilders seeks to add have engaged in tortious acts and conspired

with Optum to continue and expand the tortious acts that initially started by Optum (or UBH) based on facts that have been revealed more recently.  Additionally, with its proposed amended complaint, Optum seeks to add two additional causes of action in addition to the five causes of action that are included in its current complaint.  The two additional causes of action are Count I, Conspiracy and Aiding in the commission of a tort; and Count VII, unjust enrichment/quantum meruit.  BrainBuilders' proposed amended complaint is attached to the accompanying declaration of the undersigned counsel ("Sarmasti Decl.") as Exhibit A.  A "compared" version of the proposed amended complaint that reveals the added and deleted language between the complaint that was initially filed in State court and this proposed complaint is attached as Exhibit B to Sarmasti Decl.[1]

BrainBuilders' proposed amended complaint seeks to add 15 new defendants from UnitedHealthcare Group's expansive corporate structure that consists of more than approximately 500 entities.  In paragraphs 3 through 22 of the proposed amended complaint, BrainBuilders sets forth the ownership and possible state of incorporation or formation for each of the newly named entities.

For the Court's convenience and ease of reference, a chart that illustrates the corporate structure as alleged in paragraphs 3 through 22 of the proposed amended complaint is attached to this Brief and marked as Exhibit 1.

By way of procedural history, BrainBuilders initiated this action against defendant Optum, Inc. in the Superior Court of New Jersey, Bergen County, on November 28, 2017, by

---

[1] In order to reduce the amount underlined and crossed-out sections in the "compared" version of the proposed amended complaint, BrainBuilders maintained the same caption as that which was included with the State court filing. Therefore, the submission of the "compared" version of the proposed complaint using the old New Jersey Superior Court caption is for the Court's convenience—it is not a presumption (disrespectful or otherwise) that the Court has to or will grant BrainBuilders' motion to remand.

way of complaint and jury demand. On January 16, 2018, Optum removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. Thereafter, BrainBuilders consented to extending Optum's time to file an answer, plead or otherwise respond to the BrainBuilders complaint until March 30, 2018. On March 30, 2018, Optum filed a motion to dismiss BrainBuilders' complaint pursuant to Fed. R. Civ. P. 12(b)(6). BrainBuilders submitted a Brief in opposition to Optum's motion on April 24, 2018. Thereafter Optum sought and received BrainBuilders' consent for additional time to submit its Reply Brief; Optum submitted a Reply Brief on May 4, 2018. As of the date of this motion, the Court has not heard oral arguments and has not rendered its decision as to Optum's motion.

Finally, the parties have not conducted a Rule 26(f) conference, and the Court has not scheduled a Rule 16 conference.

## **DISCUSSION**

"Generally, the Federal Rules of Civil Procedure encourage and provide for a liberal policy with regard to the amendment of pleadings." Hass v. Burlington County, 955 F. Supp. 2d 334, 337 (D.N.J. June 30, 2013); Fed. R. Civ. P. 15(a). The courts freely and liberally grant motions to amend pleadings whenever there has not been undue delay, bad faith on the part of the movant, or prejudice to the non-movant as a result of the delay. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); *see also* Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1196-1197 (3d Cir. 1994) ("absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a), unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.") Essentially, "[p]rejudice to the nonmoving party is the touchstone for the denial of an amendment." Cornell & Co. Inc. v. Occupational Safety & Health Review

3

Comm'n, 573 F.2d 820, 824-825 (3d. Cir. 1978); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d. Cir. 1993). "Incidental prejudice is insufficient grounds on which to deny leave to amend." Fox Paper Ltd. v. Hanover Ins. Co., 2016 U.S. Dist. LEXIS 28730, *6 (D.N.J. March 4, 2016) *citing* In re Caterpillar, Inc., 67 F. Supp. 3d 663, 668 (D.N.J. 2014).

The passage of time standing alone is insufficient to deny leave to amend. Id. *citing* Cornell & Co., Inc., 573 F.2d 820, 823 (3d Cir. 1978). Even if there is some delay, but that delay does not result in prejudice, leave must not be denied. Id.

More specifically however, where a motion to amend involves adding non-diverse defendant(s) to the case, the court must scrutinize such motions more carefully. Stavitski v. Safeguard Props. Mgmt., LLC, 2018 U.S. Dist. LEXIS 9366, *6, 2018 WL 501646 (D.N.J. Jan. 22, 2018). Here, BrainBuilders' motion, in part, seeks to add other defendants to this case; at least one of those defendants is non-diverse.

Courts in the Third Circuit apply 28 U.S.C. §1447(e) to post-removal motions that seek to join non-diverse defendants. Id. *citing* City of Perth Amboy v. Safeco Ins. Co. of Am., 539 F. Supp. 2d 742, 746 (D.N.J. 2008). Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. §1447(e).[2] In analyzing such motions under Section 1447(e), the courts in the Third Circuit have adopted the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th

---

[2] Courts in this Circuit have concluded in various cases that a "fraudulent joinder" analysis pursuant to Fed. R. Civ. P. 20 is not an appropriate approach to analyzing a motion that seeks to join parties, one or more of which may destroy diversity jurisdiction. Rather, a fraudulent joinder analysis is applicable if the alleged fraudulently joined party *has already been joined and is already a party in the case* by way of the initial pleading or a subsequent amendment filed as

4

Cir. 1987).  *See* City of Perth Amboy, 539 F. Supp. 2d at 746 (D.N.J. March 11, 2008);[3] Gilberg v. Stepan Co., 24 F. Supp. 2d 355, 356-357 (D.N.J. Sept. 9, 1998); Hayden v. Westfiled Ins. Co., 586 Fed. Appx. 835, 840-841 (3d. Cir. 2014); Stavitski v. Safeguard Props. Mgmt., LLC, 2018 U.S. Dist. LEXIS 9366, *6-7, 2018 WL 501646; City Line-Hamilton Builders, LLC v. Cincinnati Ins. Co., 2013 U.S. Dist. LEXIS 46012, *14-15, 2013 WL 1286187.[4]

In Hensgens, the Fifth Circuit set forth the following four factors in deciding whether to grant leave to amend a pleading to join defendants, whose inclusion would destroy diversity: (1) Whether the purpose of plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors. Hensgens, 833 F.2d at 1182.  If a defendant opposes a plaintiff's motion under these circumstances, "[b]eyond the standard on a motion to dismiss for failure to state a claim, the defendant 'must show that there is no reasonable basis in fact or colorable ground supporting the claim against the joint defendant or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Stavitski, 2018 U.S. Dist. LEXIS 9366, *7 *quoting* Chaborek v. Allstate Fin. Servs., LLC, 254 F. Supp. 3d 748, 751 (E.D. Pa 2017) *quoting* Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009).

---

of right. *See e.g.,* City of Perth Amboy, 539 F. Supp. 2d at 754, n. 2 (D.N.J. 2008); Conover v. UPS, 2006 U.S. Dist. LEXIS 88438, *2-3, n.2, 2006 WL 3534157 (D.N.J. Dec. 7, 2006).

[3] Citations in this Brief to City of Perth Amboy v. Safeco Ins. Co. of Am. case that designate the December 26, 2007 decision refer to the Report and Recommendation of Magistrate Judge Mark Falk, and those citations that designate the March 11, 2008 citation refer to U.S. District Judge William J. Martini's adoption of Magistrate Judge Falk's Report and Recommendation.

[4] The Fifth Circuit's decision in Hensgens predates Section 1447(e). Nonetheless, as illustrated by the cases cited, the Courts in the Third Circuit have continued to apply the Hensgens factors in evaluating motions that involve Section 1447(e). *See also* City Line-Hamilton Builders, LLC, 2018 U.S. Dist. LEXIS 9366, *15, ftnte. 21.

Finally, in instances of remand, it is the removing party that "bears the burden of establishing federal jurisdiction" Lafetra v. Kone Elevator, 2010 U.S. Dist. LEXIS 44421, *4, 2010 WL 1838347, *1 (D.N.J. May 6, 2010) *citing* Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000), and importantly "removal statutes are 'strictly construed against removal and all doubts should be resolved in favor of remand.'" [Emphasis added] Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Therefore, the burden is on Optum in opposing BrainBuilders' current motion.

Each of the Hensgens factors is discussed below.

1. **THE PURPOSE OF BRAINBUILDERS' AMENDMENT IS NOT TO DEFEAT DIVERSITY JURISDICTION**

"Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." Id. *quoting* Winograd v. Mercedes-Benz USA, LLC, 2017 U.S. Dist. LEXIS 105195, 2017 WL 2926040 (D.N.J. June 14, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 105864, 2017 WL 2953640 (D.N.J. July 10, 2017). The court cannot conclude "that mere awareness of a non-diverse party prior to the filing of a complaint combined with a failure to include that party in the original complaint demonstrates a *per se* intent to defeat diversity." City of Perth Amboy, 539 F. Supp. 2d at 746, n.2 (D.N.J. March 11, 2008).

As to this case, each of the following establish BrainBuilders is not seeking to amend or join the additional defendants for purposes of defeating diversity jurisdiction.

First, substantially all of BrainBuilders' allegations in the proposed amended complaint relate to events and acts that occurred *after* BrainBuilders filed its Complaint. Therefore, those are claims that BrainBuilders could not have logically and practically raised at the time it initially filed its complaint. *See e.g.,* Sarmasti Decl., Exh. A, ¶¶ 115-121; 129-158.  As detailed

6

in the proposed amended complaint, those actions have been collective, systematic and are continuing. Therefore, BrainBuilders is seeking to join the newly identified defendants in this case because of their actions, and because of acts in which they have taken part since the filing of this case by BrainBuilders.

Second, Optum removed BrainBuilders' action from Superior Court of New Jersey, Bergen County, to this Court on January 16, 2018, based on diversity jurisdiction. At the time of filing, BrainBuilders did not baselessly join any other Optum affiliates (or any other company from UHC's more than 500 entities) in an effort to avoid removal to federal court. Diversity between BrainBuilders and Optum was obvious from the beginning inasmuch as paragraphs 1 and 2 of BrainBuilders' complaint clearly indicated that BrainBuilders was a New Jersey limited liability company and Optum was a Delaware corporation. *See* Doc. 1, Exh. A, ¶¶1-2.

Third, after Optum removed the case to this Court, BrainBuilders did not hastily or disingenuously seek remand, and did not look to join any other defendants for the sake of defeating diversity soon after removal. Mersmann v. Cont'l. Airlines, 335 F. Supp. 2d 544, 556 (Aug. 17, 2004) (the non-movant and removing party has a heavy burden to show that movant is seeking to join a non-diverse party for improper reasons.)

Fourth, and by way of an example of a post-filing event that compels BrainBuilders' amendment at this time, it was only after Optum filed its motion to dismiss and submitted the carefully worded certification of Ms. Karen Dodd, that BrainBuilders learned of the possibility the communications which contained defamatory statements may have been sent by proposed defendant United Behavioral Health. *See e.g.,* Sarmasti Decl., Exh. A, ¶¶ 104-123. The letters referenced in paragraphs 104-126 of the proposed complaint (Sarmasti Decl., Exh. A) were sent in July 2017 and thereafter. Inasmuch as New Jersey's Statute of Limitations for a defamation

7

claim is one year (N.J.S.A. §2A:14-3), BrainBuilders has no choice but to seek an amendment of its complaint now, rather than wait beyond July 2018 and risk losing the right to raise those claims in the face of statute of limitations defense(s).

As such, BrainBuilders is not seeking to file a proposed amended complaint for the sake of defeating diversity jurisdiction, or for any ill-motivated reasons. Rather, BrainBuilders intends to prosecute its causes of action against the proposed defendants. Confessore v. Agco Corp., 2015 U.S. Dist. LEXIS 93851, *17-18, 2015 WL 4430472 (D.N.J. July 20, 2015).

### 2. BRAINBUILDERS HAS NOT BEEN DILATORY IS SEEKING THIS AMENDMENT

Dilatory conduct takes into consideration the length of time as well as the nature of the delay. City of Perth Amboy, 539 F. Supp. 2d at 748 (D.N.J. March 11, 2008). "In considering the nature of the delay, a plaintiff's conduct may be found dilatory when the purpose of the delay was to unnecessarily prolong litigation." [Emphasis added] Id. *citing* Kahhan v. Mass. Cas. Ins. Co., 2001 U.S. Dist. LEXIS 18561, *7, 2001 WL 1454063, *3 (E.D. Pa. Nov. 14, 2001).

Indeed, "the mere passage of time, unaccompanied by resulting prejudice to the movant's adversary or the Court, is insufficient to constitute undue delay." City of Perth Amboy v. Safeco Ins. Co. of Am., 539 F. Supp. 2d 742, 754 (D.N.J. Dec. 26, 2007) *citing* Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984); *see also* Confessore, 2015 U.S. Dist. LEXIS 93851, *18-19, 2015 WL 4430472 (D.N.J. July 20, 2015) (Plaintiff was not dilatory in seeking remand despite the fact that it sought to remand the case to State Court by way of amendment to join a party as to which it became aware months earlier during the course of discovery in state court, and of the fact that it may have a claim against that party.)

Optum removed this matter to this Court on January 16, 2018. Optum then sought and secured an extension until March 30, 2018, to file an answer or otherwise respond to

8

BrainBuilders' complaint. (Docs. 6-7) Optum then filed a motion to dismiss on March 30, 2018. (Doc. 8)  Optum's motion was briefed by the parties by May 4, 2018 (Doc. 12), but there has been no oral argument. The motion is currently pending. The parties have not propounded or exchanged any discovery with each other.  *See* Stavitski, 2018 U.S. Dist. LEXIS 9366, *10-11 (finding the movant was not dilatory given discovery was still in its earliest stages and no depositions had taken place); *see also* Wild v. Carriage Servs., 2017 U.S. Dist. LEXIS 148457, *8, 2017 WL 4030576 (D.N.J. Sept. 13, 2017).  Therefore, to date, all extensions and delays have been at the request of Optum. BrainBuilders has not sought any extensions and avoided delaying this matter. Furthermore, the parties have not propounded or exchanged discovery with one another.

As such, as this history reveals, BrainBuilders' motion to amend is not aimed at unnecessarily prolonging this litigation.

   3. **B**RAIN**B**UILDERS WILL BE PREJUDICED IF THE MOTION IS NOT GRANTED

If BrainBuilders' motion is not granted, BrainBuilders will be prejudiced, even if BrainBuilders could have theoretically brought a separate suit against the newly proposed defendants, though as explained further below, it cannot.  The allegations in the proposed amended complaint involve allegations of coordinated and combined acts (and actions) by Optum and its affiliated entities, all of which are alleged to target BrainBuilders.  Therefore, BrainBuilders will be prejudiced it has to litigate these claims in two separate cases. Stavitski, 2018 U.S. Dist. LEXIS 9366, *11 (Jan. 22, 2018) ("[I]t might prejudice Plaintiffs' litigation strategy to have to proceed in two forums on what is essentially the same case.)

Optum and the proposed defendants are all affiliated entities.  Therefore, Optum and the defendants—all of whom are affiliated entities—will also be prejudiced if they are forced to

9

litigate this matter in two separate cases. In sum, BrainBuilders will not be the only party prejudiced if BrainBuilders is forced to litigate in two separate cases.

Here, not only BrainBuilders, but defendants too—whose interests are aligned by virtue of their affiliation—would have to bear increased costs caused by litigating in two separate cases over the same issues and claims. City of Perth Amboy, 539 F. Supp. 2d at 754 (Dec. 26, 2007) *citing* Kahhan v. Massachusetts Cas. Ins. Co., 2001 U.S. Dist. LEXIS 18561, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001) (finding increased litigation costs prejudicial).

Finally, under normal circumstances BrainBuilders may have been able to dismiss this case pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(i) and refiled in State Court with all defendants in one case. However, in this instance, Optum took upon itself to submit documents outside of the pleadings with its Rule 12(b)(6) motion (particularly Exhibit B to Karen Dodd's certification). Therefore, BrainBuilders is arguably foreclosed from dismissing this case to refile in State court with the other defendants it seeks to join. *See* Chambers v. Gesell, 120 F.R.D. 1, 2 (D.D.C. Jan. 21, 1988) (the filing of a Fed. R. Civ. P. 12(b)(6) motion to dismiss which may be converted into a motion for summary judgment constitutes a summary judgment motion within the meaning of Rule 41).

As such, BrainBuilders will be prejudiced if its motion is denied.

### 4. OTHER EQUITABLE FACTORS WEIGH IN FAVOR OF GRANTING BRAINBUILDERS' MOTION AND REMANDING THIS MATTER TO STATE COURT

In addition to the above factors, the court may also consider any other factor bearing on the equities of the case. In addition to the parties having being prejudiced if they have to litigate this matter through two separate cases, it is also a waste of judicial resources and contrary to judicial economy to have these claims litigated through two separate cases. Indeed, it is counterintuitive to have an intertwined disputes and claims between BrainBuilders on the one

hand, and Optum and its affiliated entities on the other, litigated through two separate cases. Fox Paper Ltd., 2016 U.S. Dist. LEXIS 28730, *6-7 (D.N.J. March 4, 2016).

For the foregoing reasons, BrainBuilders respectfully submits that these additional equitable factors weigh in favor of permitting BrainBuilders' motion and remanding this matter to New Jersey Superior Court.

## CONCLUSION

For all the aforementioned reasons, BrainBuilders respectfully requests its motion be granted in its entirety.

                                            Respectfully submitted,
                                            SARMASTI PLLC
                                            *Attorneys for plaintiff BrainBuilders, LLC*

Dated: July 2, 2018                By: _____
                                            Vafa Sarmasti, Esq.
                                            vafa@sarmastipllc.com
                                            271 U.S. Highway 46 West,
                                            Suite A205
                                            Fairfield, New Jersey 07004
                                            T: (973) 882-6666
                                            F: (973) 882-8830 or (212) 736-3820

# **EXHIBIT 1**

to BrainBuilders, LLC's Memorandum
Case 2:18-cv-00638-JMV-JBC



12