Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRAINBUILDERS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>OPTUM, INC., *et al.*,<br><br>*Defendants.* | Civil Action No. 18-638<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before this Court on the February 4, 2019 Amended Report and Recommendation (the "R&R") of Magistrate Judge James B. Clark. D.E. 35. The R&R addressed a motion made by Plaintiff Brainbuilders, LLC ("Brainbuilders") for leave to file an amended complaint and to remand this matter. Among other things, the proposed amended complaint adds fifteen additional defendants, one of which would defeat diversity jurisdiction. D.E. 20. Defendant Optum, Inc. ("Optum") opposed Plaintiff's motion, D.E. 27, and Plaintiff filed a reply, D.E. 32. The R&R recommends that this Court grant Plaintiff's motion to amend and accordingly, that the case be remanded to the New Jersey Superior Court, Bergen County. D.E. 35. Optum filed a timely objection to the R&R, D.E. 37, and Plaintiff filed a response, D.E. 38.[1] The Court reviewed all relevant documents and submissions, and for the reasons stated below, the Court

---

[1] Defendant's brief in support of its objection will be referred to herein as "Def's Br." and Plaintiff's response will be referred to as "Plf's Br."

adopts the R&R in its entirety. Accordingly, Plaintiff's motion to amend is **GRANTED** and this matter shall be **REMANDED** to the New Jersey Superior Court, Bergen County.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The factual details of this dispute are explained in detail in the R&R. In short, Plaintiff is an out-of-network healthcare provider that offers services to children with autism related disorders and their parents. Optum provides consulting services to insurance plans, administrators, and/or healthcare providers. Plaintiff alleges that Optum and the additional proposed Defendants are engaged in a scheme to target its patients in an attempt to induce the patients to switch to in-network providers. *See* R&R at 1-2.

Plaintiff initially filed its five-count complaint in state court, and Optum removed the matter to this Court on January 16, 2018 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal ¶¶ 6-7, D.E. 1. Optum then filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on March 30, 2018. D.E. 8. After the motion to dismiss was fully briefed,[2] Brainbuilders filed its motion for leave to file an amended complaint and to remand this matter. In addition to adding two new claims, Brainbuilders seeks to join fifteen new defendants. Oxford NJ, one of the proposed new defendants, is not diverse to Brainbuilders, thus granting Plaintiff's motion to amend would divest this Court of jurisdiction. D.E. 20. Optum filed a brief in opposition, D.E. 27, to which Plaintiff replied, D.E. 32.

Judge Clark issued the R&R on February 4, 2019, recommending that Plaintiff's motion to amend be granted and this case be remanded to state court. Judge Clark first considered the *Hensgens* factors, which courts in this district use to analyze post-removal motions to amend that

---

[2] On October 11, 2018, Optum's motion to dismiss was administratively terminated pending resolution of Plaintiff's motion to amend. D.E. 33.

2

seek to join non-diverse defendants. Judge Clark determined that the *Hensgens* factors weighed in favor of permitting Plaintiff to amend the Complaint. Moreover, in analyzing the *Hensgens* factors, Judge Clark determined that because Plaintiff did not assert any causes of action pursuant to the Employment Retirement Income Security Act ("ERISA"), there was no basis for federal question jurisdiction. Because the *Hensgens* factors weighed in favor of granting the amendment, Judge Clark determined that remand was appropriate. R&R at 7-11. Judge Clark also determined that in light of the remand, Defendant's arguments as to futility should be left to the state court. *Id.* at 12.

On February 19, 2019, Optum filed objections to the R&R. Optum argues that (1) the *Hensgens* factors weigh against granting Plaintiff's motion to amend and remand; (2) the proposed amended complaint is preempted by Section 502(a) of ERISA, 29 U.S.C. § 1132(a); and (3) the proposed amended complaint is futile. D.E. 37.

## II. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P.*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest

3

injustice standard." *Edelson V., L.P.*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

### III. ANALYSIS

#### 1. The *Hensgens* Factors

A motion to amend is ordinarily governed by Fed. R. Civ. P. 15(a)(2). Motions for leave to amend pursuant to Rule 15(a)(2) are liberally granted. Fed. R. Civ. P. 15(a)(2). When a party seeks to add a non-diverse defendant that would destroy diversity jurisdiction, however, courts in the Third Circuit apply 28 U.S.C. § 1447(e). *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (3d Cir. 2008). In such a scenario, "a court must scrutinize motions to amend more carefully." *Id.* While not addressed by the Third Circuit, district courts in the Circuit "have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)." *City of Perth Amboy*, 539 F. Supp. 2d at 746. The *Hensgens* factors are as follows: "(1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors." *Stavitski v. Safeguard Props. Mgmt., LLC*, No. 17-2033, 2018 WL 501646, at *2 (D.N.J. Jan. 22, 2018) (quoting *Rodriguez v. Walmart*, No. 16-9338, 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017)). Here, Optum argues that Judge Clark incorrectly analyzed

each of the *Hensgens* factors such that Plaintiff's motion to amend should be denied. Def's Br. at 3-8.

For the first factor, courts must focus on the specific facts of the case, and the parties' actions "between the filing of the complaint and the motion to amend is an appropriate matter for consideration." *Id.* at *3. "Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *Winograd v. Mercedes-Benz USA, LLC*, No. 16-4914, 2017 WL 2926040, at *4 (D.N.J. June 14, 2017). Judge Clark determined that Brainbuilders' primary purpose for amending the Complaint was not to defeat federal jurisdiction. As a result, Judge Clark determined that the first *Hensgens* factor weighed in favor of Plaintiff. R&R at 7-9. Specifically, Judge Clark concluded that although Plaintiff was aware of Oxford NJ from the outset and that it may have had claims against Oxford NJ since initially filing the Complaint, Plaintiff's allegations in the proposed amended complaint demonstrated that Oxford NJ's "conduct has continued and/or magnified." R&R at 9. As a result, Judge Clark found that Plaintiff's intent to name Oxford NJ at an early juncture in the litigation pointed to "a genuine intent to prosecute the claim in good faith." *Id.*

Optum argues that Judge Clark erred because Plaintiff's allegations of magnified conduct are general, and not specific as to Oxford NJ. Moreover, Optum contends that the characterization of Oxford NJ's conduct as continued necessarily demonstrates that it existed when Plaintiff initially filed suit. Def's Br. at 4-5. But as recognized by Judge Clark, Plaintiff's proposed amended complaint includes new factual allegations regarding conduct that occurred after the original complaint was filed, and specifically identifies conduct of the Oxford Defendants, which

5

includes Oxford NJ.[3] R&R at 9; *see also* Proposed Amended Complaint (the "PAC") ¶¶ 128-40, D.E. 20-2. While not detailed, the level of specificity in the PAC is sufficient as to Oxford NJ, especially given the fact that discovery has not yet begun. Further, the fact that Plaintiff's allegations include conduct that occurred after the Complaint was filed evidence a strategic decision by Plaintiff to include additional defendants as a result of the alleged continuing conduct. This Court "will not ascribe an improper purpose" to what likely amounts to a strategic litigation decision without more specific evidence of wrongdoing. *See City of Perth Amboy*, 539 F. Supp. 2d at 753-54 (determining that there was no improper purpose for the plaintiff's failure to initially name a non-diverse party as a defendant that it was aware of before filing suit).

Judge Clark also recognized that the timing of Plaintiff's motion at "this early juncture of the litigation" also points to a genuine interest to prosecute a claim against Oxford NJ. R&R at 9. Although the initial complaint was filed over a year ago, the case has not significantly progressed– Optum has yet to file an answer, a Rule 16 conference has not occurred, and no discovery has been exchanged. Thus, it appears that in seeking to join the new defendants, Plaintiff is merely attempting to assert viable claims against additional parties as it obtains additional information about alleged wrongful conduct. Again, this Court will not ascribe an improper purpose to Plaintiff's litigation tactics without more evidence of wrongdoing. This Court, therefore, concludes that Judge Clark correctly determined that the first *Hensgens* factor weighs in favor of Plaintiff.

Judge Clark determined that the second *Hensgens* factor was neutral because while Plaintiff was aware of some of Oxford NJ's alleged wrongful action before it filed the initial

---

[3] According to Plaintiff, the Oxford Defendants include Oxford Health Plans LLC; Oxford NJ; Oxford NY; Oxford Health Insurance, Inc.; and UnitedHealthCare Services, LLC. PAC ¶ 21.

6

complaint, Optum failed to demonstrate any prejudice relating to Plaintiff's delay in seeking to join Oxford NJ. R&R at 9-10. Optum argues that this factor weighs against granting leave to amend because there are no new allegations in the PAC with respect to Oxford NJ. Def's Br. at 5 n.1 (citing *Parson v. Home Depot USA, Inc.*, No. 13-4817, 2013 WL 6587316, at *3 (D.N.J. Dec. 13, 2013)). In *Parson*, Judge Clark determined that the plaintiff's attempt to add a new, non-diverse defendant without asserting any new facts suggested an attempt to defeat diversity. *Parson*, 2013 WL 6587316, at *3. As discussed, in this instance the PAC includes factual allegations regarding conduct that occurred after the initial complaint was filed. Thus, Optum's reliance on *Parson* is misplaced. Moreover, as recognized by Judge Clark, Optum fails to identify how it was prejudiced by Plaintiff's delay. As a result, the Court agrees with Judge Clark's conclusion that the second factor is neutral.

As for the third factor, Judge Clark determined that the expense of litigating its claims in two forums and the risk of inconsistent judgments favors permitting joinder here. R&R at 10-11. Optum argues that this prejudice does not constitute a significant injury that warrants leave to amend. Def's Br. at 6-7. Although Optum cites to two cases to support its argument, many courts in this district have also determined that litigating in two forums may constitute a sufficient injury for the third *Hensgens* factor to weigh in favor of granting leave to amend. *See, e.g., City of Perth Amboy*, 539 F. Supp. 2d at 749; *Rodriguez*, 2017 WL 6508357, at *4; *Confessore v. AGCO Corp.*, No. 14-7262, 2015 WL 4430472, at *6 (D.N.J. July 20, 2015); *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *6 (D.N.J. Sept. 26, 2008). Therefore, the Court concludes that in this case, Judge Clark appropriately determined that the third factor favors joinder.

Finally, in concluding that the fourth factor weighed in favor of remand, Judge Clark discounted Optum's argument that if remanded, Optum would seek to remove the matter again

based on ERISA preemption. R&R at 11. As discussed at length below, Optum's complete preemption argument is unfounded because Optum does not have standing to assert an ERISA claim and Plaintiff is not bringing ERISA-based claims. Thus, the Court also rejects Optum's position that Judge Clark erred by failing to consider ERISA preemption as an equitable factor that warrants denying Plaintiff's motion.

Optum also argues that it will be prejudiced by the amendment because it will cause unnecessary delay while Plaintiff serves new defendants and the new defendants answer or otherwise respond to the PAC. Def's Br. at 7. Optum, however, did not raise this argument in opposition to Plaintiff's motion to amend. Instead, Optum raises this argument for the first time in its opposition to the R&R. A party objecting to an R&R "shall specifically identify the portions of the proposed findings, recommendations or report which an objection is made and the basis of such objection." L. Civ. R. 72.1(c)(2). Moreover, a court is not "required to consider objections that were not presented before the magistrate." *Anamdi v. Kean Univ.*, No. 15-2887, 2015 WL 5138648, at *3 (D.N.J. Aug. 31, 2015). Accordingly, the Court will not consider Optum's argument regarding prejudice at this time.[4]

In sum, the Court concurs with Judge Clark's findings for each of the *Hensgens* factors. Accordingly, this Court adopts Judge Clark's conclusion that the *Hensgens* factors weigh in favor of permitting Plaintiff to amend its Complaint and that remand to the Superior Court of New Jersey, Bergen County is therefore appropriate.

---

[4] Even if the Court were to consider Optum's argument, the delay would not be so prejudicial that it would serve as a basis to deny Plaintiff's motion.

8

## 2. ERISA Preemption

Optum argues that this Court must conduct a *de novo* review of its ERISA preemption argument because Judge Clark provided no reasoning or analysis. Def's Br. at 8. In the R&R, Judge Clark rejected Optum's argument regarding ERISA preemption because the PAC does not assert an ERISA claim. R&R at 11. Optum is correct, however, that Judge Clark did not address complete preemption pursuant to Section 502(a). Consequently, this Court will consider Defendant's complete preemption argument.

In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is an exception to the well-pleaded complaint rule when complete preemption exists. "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare*, 193 F.3d 151, 160 (3d Cir. 1999). State law claims that fall into the scope of ERISA Section 502(a), 29 U.S.C. § 1132(a), are completely preempted. *See Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, No. 16-1649, 2017 WL 751851, at *6 (D.N.J. Feb. 27, 2017).

A claim may be brought under Section 502(a) by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987). There is a two-part test to determine whether a state law claim is completely preempted under Section 502(a). A federal court has jurisdiction over a state law claim, such that the claim is preempted, when (1) the plaintiff could

9

have brought the action under Section 502(a) and (2) no independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (holding that a state law claim is completely preempted when the action could have been brought under Section 502(a)(1)(B) and no other legal duty independent of ERISA exists). The test is fashioned in the conjunctive so that "a state-law cause of action is completely preempted only if *both* of its prongs are satisfied." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (emphasis added). Here, Optum fails to demonstrate that either prong is satisfied.

Optum argues that Brainbuilders could have brought its conspiracy and unjust enrichment claims under Section 502(a) pursuant to an assignment of benefits from its patients. Generally, only a participant or beneficiary under a plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). A healthcare provider such as Plaintiff is neither a participant nor a beneficiary. *See Pascack Valley Hosp.*, 388 F.3d at 400. A healthcare provider, however, may have standing to assert an ERISA claim if it has received a valid assignment of benefits. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)). But here, Plaintiff does not allege that it had a valid assignment from any of its patients in the PAC.[5] As a result, Plaintiff

---

[5] In arguing that Plaintiff's patients have assigned their rights to Plaintiff, Optum relies on the Declaration of Laura Hanson, which includes claim forms Brainbuilders submitted for several of its patients that purportedly demonstrate that Brainbuilders' obtained an assignment of benefits for these patients, and incomplete plan documents for the patients. Decl. of Laura Hanson, D.E. 27-2. The Court does not find a valid assignment as to the patients based on this limited information. *See, e.g., Vaimakis v. United Healthcare/Oxford*, No. 07-5184, 2008 WL 3413853, at *4 (D.N.J. Aug. 8, 2008) (concluding that there was not enough information before the court through which the court could conclude that a valid assignment existed).

could not have brought the action under Section 502(a) because it does not have standing to do so. Plaintiff's claims, therefore, are not completely preempted by Section 502(a).

Importantly, Plaintiff is not seeking to recover benefits due under an ERISA plan or to enforce its rights under a plan. Instead, the PAC is focused on Optum and the proposed Defendants' alleged wrongful plan to divert patients from Brainbuilders to other healthcare providers. As a result, Plaintiff is asserting claims pursuant to an independent legal duty. *See Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-4525, 2017 WL 685101, at *4 (D.N.J. Feb. 21, 2017) ("A legal duty is 'independent' if it 'would exist whether or not an ERISA plan existed.'" (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009))). And the fact that Plaintiff is an out-of-network provider and that Optum is allegedly trying to divert patients to in-network providers is incidental to Plaintiff's claims. Defendant, therefore, also fails to establish that the second prong is satisfied.

In sum, the PAC asserts solely state law claims against non-diverse defendants. As pled, the Court sees no basis to remove because of federal question or diversity jurisdiction. Accordingly, Optum's argument that it would remove this matter for a second time is baseless and does not provide any justification for denying Plaintiff's motion.

### 3. Futility

Finally, Optum argues that this Court should not adopt the R&R because Plaintiff fails to state a claim for either of the new counts alleged in the PAC, thus the PAC is futile. Def's Br. at 9-11. Because Judge Clark determined that Plaintiff should be permitted to amend the Complaint and that remand was therefore appropriate, Judge Clark did not conduct a futility analysis and recommended that the state court conduct the analysis instead. R&R at 11 n.6.

A motion to amend may be denied if the proposed amendment is futile. The futility of a proposed amended pleading is evaluated under the same standard of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). However, "[g]iven the liberal standard for the amendment of pleadings, 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'" *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017) (quoting *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). Therefore, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *High 5 Games, LLC*, 2017 WL 349375, at *5 (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). Here, Plaintiff's claims are not clearly futile. As a result, this Court concurs with Judge Clark's conclusion that a futility analysis is better left to the state court, and will not conduct an independent futility analysis.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 31st day of May, 2019,

**ORDERED** that the Court adopts the Amended Report and Recommendation (D.E. 35) in its entirety; and it is further

**ORDERED** that Plaintiff's motion for leave to file an amended complaint and remand (D.E. 20) is **GRANTED**; and it is further

**ORDERED** that this matter is remanded to the New Jersey Superior Court, Law Division, Bergen County.

*[signature]*
John Michael Vazquez, U.S.D.J.

12